UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ZACHARY LOUVIERE** | * | CIVIL ACTION NO._____ |
| **VERSUS** | * | JUDGE:_____ |
| | * | MAGISTRATE:_____ |
| **SEACOR MARINE LLC, SEACOR** | * | |
| **LIFTBOATS LLC, FALCON GLOBAL** | * | |
| **OFFSHORE II, and TALOS ENERGY LLC** | * | |

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **Zachary Louviere,** ("Mr. Louviere"), and with respect files the following Complaint for Damages and appropriate ancillary relief:

**I.**

This Honorable Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1333. Venue is proper in accordance with 28 U.S.C. § 1391 (b)(1) and (b)(2).

**II.**

This case is brought pursuant to the Jones Act, 46 U.S.C. §30104 *et seq.*, and the General Admiralty and Maritime Law of the United States. Additionally, Plaintiff Mr. Louviere brings this suit pursuant to the "saving to suitors" clause of the United States Constitution and all applicable laws and ordinances of the United States of America and the State of Louisiana.

**III.**

Plaintiff **Zachary Louviere** is a person of the full age of majority, domiciled in the city of New Iberia, Parish of Iberia, State of Louisiana.

1

IV.

The Defendants named herein are:

1) **SEACOR MARINE LLC**, a foreign limited liability company, authorized to do and doing business within the jurisdiction of this Honorable Court, with its principal place of business located in Louisiana;
2) **SEACOR LIFTBOATS LLC**, a foreign limited liability company, authorized to do and doing business within the jurisdiction of this Honorable Court, with its principal place of business located in Louisiana;
3) **TALOS ENERGY LLC**, a foreign limited liability company, authorized to do and doing business within the jurisdiction of this Honorable Court, with its principal place of business located in Texas; and
4) **FALCON GLOBAL OFFSHORE II LLC**, a foreign limited liability company authorized to and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, with its principal place of business in located Louisiana.

V.

**SEACOR MARINE LLC, SEACOR LIFTBOATS LLC, and FALCON GLOBAL OFFSHORE II LLC**, engage(s) in the for-profit business of providing transportation services to offshore energy facilities throughout the Gulf of Mexico and around the globe.

VI.

**TALOS ENERGY LLC** engage(s) in the for-profit business of oil and gas exploration and production in the Gulf of Mexico and offshore Mexico.

VII.

**SEACOR MARINE LLC, SEACOR LIFTBOATS LLC, FALCON OFFSHORE GLOBAL II LLC**, and **TALOS ENGERY LLC** (hereinafter collectively known as "Defendants") are truly and justly indebted to Plaintiff herein for any and all damages sustained as a result of a series of events that occurred both along and within the territorial waters of the United States of America, State of Louisiana, on or around April 13, 2021, which ultimately led to the traumatic and serious injury of Plaintiff Mr. Louviere on or around April 13, 2021.

### VIII.

On April 13, 2021, Plaintiff Mr. Louviere was employed by Cardinal Coil Tubing and was working as a Coil Tubing Operator aboard the lift boat **SEACOR POWER**, a vessel owned, operated, chartered, controlled, crewed, and/or owned *pro hac vice* by **SEACOR MARINE LLC**, **SEACOR LIFTBOATS LLC**, and/or **TALOS ENERGY LLC** and/or **FALCON GLOBAL OFFSHORE II LLC**. At all times material herein, Plaintiff Mr. Louviere was working as a member of the crew in the service of the SEACOR POWER, performing his duties as rig-up and run third-party coil tubing operations in support of the vessel's operations. IN THE ALTERNATIVE, Plaintiff Mr. Louviere was working aboard the vessel, his duties "contribute[d] to the function of the vessel or to the accomplishment of its mission," and (2) that he has "a connection to [the] vessel [while] in navigation… that is substantial in terms of both its duration and nature." *Chandris v. Latsis*, 515 U.S. 347, 376 (1995); *Thomas v. Seabird Exploration Cyprus Ltd.,* 488 F.Supp.3d 467, 470 (E.D. La. 2020). IN THE ALTERNATIVE, Plaintiff Mr. Louviere was working aboard the vessel as a lawful business invitee and, "It is a settled principle of maritime law that a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." *Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 630 (U.S. 1959); *see also Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980) (a plaintiff in a maritime tort case "is owed a duty of ordinary care"); *Chiasson v. Brand Energy Solutions, LLC,* 452 F.Supp.3d 472, 477 (W.D. La. 2020).

### IX.

On or around April 13, 2021, the SEACOR POWER was in Port Fourchon, Louisiana for service, inspections, and to take on supplies, equipment, and personnel for delivery to the Talos platform and use aboard said platform.

**X.**

On April 13, 2021, a strong weather front was moving into the area and weather conditions in the Gulf of Mexico were deteriorating in the voyage path of the SEACOR POWER.

**XI.**

Despite the strong weather front and dangerous weather conditions in the Gulf of Mexico, the SEACOR POWER, at the direction and control of Defendants, **SEACOR MARINE LLC**, **SEACOR LIFTBOATS LLC**, **FALCON GLOBAL OFFSHORE II LLC**, and/or **TALOS ENERGY LLC**, left Port Fourchon, Louisiana at approximately 1:30 p.m., endangering the lives of the crew members and/or business invitees lawfully onboard the vessel.

**XII.**

At the time the SEACOR POWER departed Fourchon, Louisiana, the National Weather Service had already issued a series of marine warnings for locations in southeast Louisiana, including Port Fourchon. Despite these warnings, the Defendants put their profits over the safety and lives of their employees, crew members and lawful business invitees and ordered the SEACOR POWER to leave Port Fourchon in route to a **TALOS ENERGY LLC** drilling site east of Venice, Louisiana.

**XIII.**

As the weather conditions continued to predictably and foreseeably deteriorate, with winds quickly increasing and seas becoming rougher, the SEACOR POWER, despite the best efforts of her captain and navigational crew, began to take on water and ultimately capsized at or around 4:30 p.m. on April 13, 2021.

**XIV.**

As a direct and proximate result of the capsizing of the SEACOR POWER, Plaintiff Mr. Louviere, after attempting to help save others, was thrown into the sea, where he fought for his life, and was eventually rescued. During the course of these events, he was seriously physically injured and mentally and emotionally traumatized by witnessing the gruesome deaths of his fellow crew members and or other lawful business invitees in close proximity to his person, as well as by the very legitimate apprehension that he too would die before being rescued.

**XV.**

The serious physical injury and mental and emotional traumatizing of Plaintiff Mr. Louviere was directly and proximately caused by the fault, negligence, carelessness, and omission of duty on the part of Defendants, **SEACOR MARINE LLC**, **SEACOR LIFTBOATS LLC**, and/or **TALOS ENERGY LLC**, and the unseaworthiness of the lift boat SEACOR POWER; without any fault, negligence, carelessness, and omission of duty on the part of Plaintiff causing, and/or contributing thereto.

**XVI.**

The unfortunate events that transpired on April 13, 2021, on the SEACOR POWER which resulted in the serious physical injury and mental and emotional traumatizing of Plaintiff Mr. Louviere were caused solely and exclusively by the negligence and fault of Defendants in the following non-exclusive particulars:

    a.    Failing to use reasonable care under the circumstances;

    b.    Failing to adequately address the deteriorating and dangerous weather conditions in the area prior to instructing the SEACOR POWER to leave port;

c. Failing to follow the weather advisories and marine bulletins issued by the National Weather Service prior to instructing the SEACOR POWER to leave port;

d. Failing to provide proper and adequate equipment and information to the captain and his fellow navigational crewmembers to properly perform their duties and/or properly navigate the vessel during the deteriorating weather conditions;

e. Failing to maintain the vessel and its appurtenances and/or equipment in a safe and reasonable state of repair;

f. Failing to take reasonable precautions for the safety of its captain, crew and lawful business invitees including, but not limited to, Plaintiff Mr. Louviere;

g. Failing to inspect and/or plan for potential hazards aboard the SEACOR POWER and/or failing to repair the SEACOR POWER before the final voyage despite knowledge of damage to the vessel sustained during the previous voyage;

h. Failing to perform adequate safety meetings and analyses to identify and minimize the unreasonable risk of harm to Plaintiff Mr. Louviere and other crew members and/or lawful business invitees;

i. Failing to provide Plaintiff Mr. Louviere with a reasonably safe and non-hazardous workplace;

j. Failing to assess the conditions prior to dispatching the vessel from port and/or its capsizing;

k. Failing to have an emergency rescue plan and/or adequate rescue appurtenances;

l. Failing to adopt practices, policies, and procedures designed specifically to prevent the injuries and damages sustained by Plaintiff Mr. Louviere; and,

    m.    Other negligent acts and/or omissions to be shown at the trial of this action.

## XVII.

At all times pertinent hereto, the SEACOR POWER was unseaworthy in one or more of the following respects, each within the privity and knowledge of Defendants, to-wit:

    a.    The vessel and all of its equipment and/or appurtenances were not safe for the performance of the operations in question;

    b.    The vessel and all of its equipment and/or appurtenances were not reasonably fit for its intended purpose;

    c.    The vessel and all of its equipment and/or appurtenances were inadequately maintained;

    d.    The vessel failed to have adequate life-saving equipment and/or appurtenances; and,

    e.    Other unseaworthy conditions to be determined at a trial of this action.

## XVIII.

Plaintiff Mr. Louviere was in no way negligent and did not contribute to the incident complained of herein.

## XIX.

Plaintiff Mr. Louviere further affirmatively pleads the doctrine of *res ipsa loquitur* in that his serious physical and mental and emotional injuries and damages would not have occurred in the absence of the negligence of the Defendants. *See again Chiasson v. Brand Energy Solutions, LLC,* 452 F.Supp.3d 472, 477, n. 3 (W.D. La. 2020)("*[R]es ipsa loquitur*… applies… where 'the instrumentality causing the injury was under the exclusive control of the defendant.' *See e.g. U.S. v. Nassau Marine Corp.*, 778 F.2d 1111, 1115-16 (5th Cir. 1985).").

## XX.

As a result of the incident described herein, Plaintiff Mr. Louviere is entitled to recover the following non-exclusive damages:

    a.    Past and future physical pain and suffering;

    b.    Past and future mental and emotional pain and suffering;

    c.    Past and present fear of impending doom;

    d.    Past medical expenses;

    e.    Past maintenance, cure and found;

    f.    Past and future lost wages and work benefits;

    g.    Loss of enjoyment of life;

    h.    Loss of household services; and,

    i.    Other elements of damages to be shown at the trial of this matter.

## XXI.

Based upon the terms of F. R. Civ. P. 38(a) & (b)(1), and (c), Plaintiff Mr. Louviere respectfully demands a jury trial on each and all of his claims, causes of action, and elements of loss or damage. See also U.S. Const., Amend. VII.

## XXII.

In addition to the above and foregoing allegations, Plaintiff Mr. Louviere further pleads that he is entitled to prejudgment interest at the highest rate allowed by law.

**WHEREFORE**, Plaintiff Mr. Louviere prays that Defendants, **SEACOR MARINE LLC**, **SEACOR LIFTBOATS LLC**, **FALCON GLOBAL OFFSHORE II LLC**, and **TALOS ENERGY LLC** be served with a certified copy of this Complaint for Damages and be duly cited to appear and answer same; that after all due proceedings are had, that there be judgment rendered

in favor of Plaintiff, and against Defendants for all damages that are reasonable in the premises together with legal interest and for all costs of these proceedings; and

Finally, Plaintiff Mr. Louviere prays for all general and equitable relief to which he may otherwise be entitled.

Respectfully Submitted:

**LABORDE EARLES LAW FIRM, LLC**

By: ___/s/ Derrick G. Earles___
**DERRICK G. EARLES (Bar #29570)**
**DAVID C. LABORDE (Bar# 20907)**
**MADELEINE R. BRUMLEY (Bar #37432)**
1901 Kaliste Saloom Road
P.O. Box 80098
Lafayette, Louisiana 70598-0098
Phone: 337-261-2617
Fax: 337-261-1934
digger@onmyside.com
david@onmyside.com
madeleine@onmyside.com

-and-

**MARTINEZ & MCGUIRE, PLLC**
**CLINT E. MCGUIRE (pro hac vice application forthcoming)**
17227 Mercury Drive, Suite B
Houston, TX 77058
Phone: 281-286-9100
Fax: 281-286-9105
clint@mmtriallawyers.com

*Attorneys for Plaintiff*

*[Certificate of Service on following page.]*

## CERTIFICATE OF SERVICE

    I do hereby certify that I have on this 11th day of August, 2021, electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all parties to this proceeding.

                                             */s/ Derrick G. Earles*
                                     **DERRICK G. EARLES (Bar #29570)**